No. 61,837

IN THE MATTER OF JACK L. MILLER, *Respondent.*

(754 P.2d 809)

Opinion filed April 29, 1988.

*Bruce E. Miller,* disciplinary administrator, appeared for petitioner.

There was no appearance by respondent.

*Per Curiam:* This original action in discipline was filed by the Disciplinary Administrator against Jack L. Miller of Olathe. Respondent failed to appear before the hearing panel of the Kansas Board for Discipline of Attorneys, and he fails to appear here, after notice duly given to him and mailed to his last known address as shown by the records of the Clerk of this court.

The complaints in this case are based upon two separate transactions. In the first, the hearing panel found that on July 23, 1984, the respondent was appointed by the Johnson County District Court as guardian and conservator of Margo Nesbitt; he posted a personal bond in the amount of $1,000. In a hearing held before the appointing court on April 6, 1987, the court found that respondent failed to account for funds of the conservatorship and the court removed him and forfeited his bond. The amount of $27,093.35 was found missing from the assets of the conservatorship. Many of the checks totalling that amount were written by respondent, payable to himself. By the spring of 1987, respondent had abandoned his law practice in Kansas, and his whereabouts thereafter are unknown. The panel found that there was clear and convincing evidence that Miller converted the said sum, or at least a large portion of it, to his own use. The panel concluded that his actions amounted to violations of DR 1-102(A)(3) (1987 Kan. Ct. R. Annot. 123), in that he engaged in illegal conduct involving moral turpitude; DR 1-102(A)(4) (1987 Kan. Ct. R. Annot. 123), in that he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; DR 1-102(A)(5) (1987 Kan. Ct. R. Annot. 123), in that he engaged in conduct that is prejudicial to the administration of justice; DR 1-102(A)(6) (1987 Kan. Ct. R. Annot. 123), in that he engaged in conduct that adversely reflects on his fitness to practice law; DR 6-101(A)(3)

(1987 Kan. Ct. R. Annot. 143), in that he neglected a legal matter entrusted to him; DR 7-101(A)(3) (1987 Kan. Ct. R. Annot. 147), in that he prejudiced or damaged his client during the course of the professional relationship; and DR 9-102(B)(4) (1987 Kan. Ct. R. Annot. 157), in that he failed to promptly pay or deliver to his client funds, securities, or other properties which the client was entitled to receive.

The second complaint relates to respondent's representation of Howard T. Johnson. The panel found that respondent was retained by Johnson to represent him in an uninsured motorist case, and that petitioner filed a lawsuit on behalf of Johnson, but took no further action and abandoned his client.

The panel concluded that respondent's actions amounted to a violation of DR 6-101(A)(3) (1987 Kan. Ct. R. Annot. 143), in that he neglected a legal matter entrusted to him.

The panel was persuaded by clear and convincing evidence that respondent violated all of the disciplinary rules above cited, and the panel unanimously recommended that respondent be disciplined by disbarment.

After carefully reviewing the record in this case, the court agrees with the findings and conclusions of the panel that respondent engaged in illegal conduct involving moral turpitude; his conduct involved dishonesty, fraud, deceit, or misrepresentation; his conduct is prejudicial to the administration of justice; and his conduct indicates his unfitness to practice law. He not only neglected legal matters entrusted to him, but he violated the trust placed upon him by his appointment as conservator, and failed to promptly pay or deliver funds of his ward which the successor conservator is entitled to receive. The court is of the opinion that respondent should be disbarred.

It Is Therefore Ordered that Jack L. Miller be and he is hereby disbarred from the practice of law in the State of Kansas. The privilege and license of Jack L. Miller to practice law in this state are hereby revoked, and the Clerk of this court is directed to strike the name of Jack L. Miller from the roll of attorneys in the State of Kansas.

It Is Further Ordered that Jack L. Miller shall forthwith

comply with the provision of Rule 218 (1987 Kan. Ct. R. Annot. 116).

IT IS FURTHER ORDERED that the costs of this action be assessed to the respondent.